UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BEXTERMUELLER NEWS DISTRIBUTORS, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:22-CV-00344-SPM ) |
| LEE ENTERPRISES, INC., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Certify Interlocutory Appeal of this Court's Order Excluding Melissa Gragg's Testimony (Doc. 93). Defendants have filed a response indicating that they take no position on the motion. For the following reasons, the motion will be denied.

On December 28, 2023, this Court entered an order granting Defendants' motion to exclude the testimony of Plaintiff's damages expert, Ms. Melissa Gragg. The Court found that Ms. Gragg's approach to calculating damages was inconsistent with Missouri law governing the damages that are available for a breach of contract claim or a claim for breach of the implied covenant of good faith and fair dealing. Specifically, the Court found that Ms. Gragg's approach was contrary to the legal principle that a plaintiff may only recover damages that result from the alleged breach of contract—damages that would place the wronged party in the position he would have been in had the contract not been breached. The Court found that because Ms. Gragg's approach was contrary to the applicable law, it would not assist the factfinder and should be excluded.

In the instant motion, Plaintiffs ask the Court to amend its order excluding Ms. Gragg's testimony to certify the order for an interlocutory appeal. Plaintiffs rely on 28 U.S.C. § 1292(b),

which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. 1292(b). "Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994)). The Eighth Circuit has noted that "[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *Id.* (quoting *White*, 43 F.3d at 376). "Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." *Id.* (quoting *White*, 43 F.3d at 376). The party seeking interlocutory review "bears the heavy burden of demonstrating that the case in an exceptional one in which immediate appeal is warranted." *Id.* (quoting *White*, 43 F.3d at 376). It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and it is within the discretion of the court of appeals to certify the appeal. *White*, 43 F.3d at 376 & n.2.

The Court will assume, without deciding, that the first and third elements are satisfied here—that the Court's order involves a controlling question of law and that certification will

2

materially advance the ultimate termination of the litigation.[1] The Court finds certification is inappropriate because Plaintiffs have not shown that the Court's order involved a "question of law as to which there is substantial ground for difference of opinion." *See* 28 U.S.C. § 1292(b).

Plaintiffs assert in their motion that "[s]ubstantial ground for difference of opinion exists with respect to the admissibility of Ms. Gragg's opinions." Pls.' Mot., Doc. 93, at 3. The Eighth Circuit has provided some guidance for courts in assessing whether a disagreement over a controlling question of law rises to the level of a "substantial ground for difference of opinion." It has stated that "identification of a sufficient number of conflicting and contradictory opinions would provide substantial ground for disagreement." *White*, 43 F.3d at 378 (quotation marks omitted). However, "substantial ground for difference of opinion does not exist merely because there is a dearth of cases." *Id.* Additionally, substantial ground for difference of opinion does not exist where an order is supported by a closely analogous body of law and no contrary law is cited by the party seeking appeal. *See id.* (finding the district court abused its discretion in certifying an order under § 1292(b) where an "established body of law" on a closely analogous question supported the order and the party seeking certification "cited no law to the contrary").

In the Court's Memorandum and Order excluding Ms. Gragg's testimony, the Court cited and relied on several cases addressing the damages that are available for a contract claim under Missouri law and several cases standing for the proposition that expert opinions that are contrary to law are inadmissible. Applying those cases led the Court to the firm conclusion that the damages theory espoused by Plaintiffs and Ms. Gragg was inconsistent with Missouri law and that her opinion was therefore inadmissible.

Plaintiffs do not cite, either in the instant motion or in the original briefing, any cases that

---

[1] The Court finds it highly questionable that these elements are actually satisfied.

conflict with or are contrary to those relied on by the Court in its order excluding Ms. Gragg's testimony. Although they cite general statements about the liberal standards for admission of expert testimony, they do not cite any cases suggesting that a court should permit an expert to testify about a theory of damages that is inconsistent with the applicable law. They also do not cite any cases that support their argument that their theory of damages is consistent with Missouri law. Their only citation to any case addressing the law of contract damages is in a conclusory statement that "Ms. Gragg's approach and the damages available to plaintiff are totally consistent with Missouri law as expressed in *Catroppa v. Metal Bldg. Supply, Inc.*, 267 S.W.3d 812 (S.D. Mo. 2008)." *See* Pl.'s Mot., Doc. 93, at 5. But *Catroppa* is one of the cases relied on by the Court in excluding Ms. Gragg's opinion, and Plaintiffs do not make any attempt to explain how any language in *Catroppa* supports, or even is consistent with, their damages theory.

For all of the above reasons, the Court finds that Plaintiffs have not shown that the Court's Order involved a controlling question of law as to which there is substantial ground for difference of opinion. They have not satisfied the "heavy burden of demonstrating that the case in an exceptional one in which immediate appeal is warranted." *Piper Jaffray & Co.*, 525 F.3d at 646 (quoting *White*, 43 F.3d at 376). Thus, the motion will be denied.

The Court also finds it necessary to make some clarifications in light of some statements in Plaintiffs' motion. First, Plaintiffs appear to misunderstand the Court's order excluding Ms. Gragg's testimony in at least one respect. They mention "the Court's decision requiring damages to flow only from digital deliveries made to subscribers who had previously subscribed to the paper in print." *See* Pl.'s Mot., Doc. 93, at 6. The Court did *not* find that damages must flow only from subscribers who had previously subscribed to the paper in print. Instead, the Court found, relying on *Catroppa*, 267 S.W. 3d at 818, that as to lost profits, "the damages are the net profits the

4

wronged party 'would have realized' if the contract had not been breached." Mem & Order, Doc. 91, at 10. Those damages might flow from individuals who had previously subscribed to the print edition and switched to a digital-only subscription, but they also might flow from individuals who had never subscribed to the print edition but would have decided to do so if the digital-only version not been available. There may be other possible types of damages Plaintiffs could recover that are consistent with Missouri law. The Court has had no occasion to address the viability of all possible damages theories and has only addressed whether Ms. Gragg's calculation of damages was consistent with Missouri law.

Second, Plaintiffs appear to believe that the Court has made a factual finding that it has not actually made. Plaintiffs state twice their motion that "[t]his Court has already found that 'in addition to traditional newsprint newspapers delivered to home delivery subscribers, Defendants have created or aided in the creation of a digital delivery system of products in Plaintiffs' subscription areas.'" Pls.' Mot, Doc. 93, at 2, 4 (quoting the Court's Memorandum and Order granting Defendants' motion for summary judgment on Count IV, Doc. 77, at 3-4). Plaintiffs included a similar statement in their brief in opposition to Defendants' motion to exclude the testimony of Ms. Gragg. *See* Doc. 87, at 2. To the extent that Plaintiffs believe that the Court's statement in the Memorandum and Order granting Defendants' motion for summary judgment on Count IV reflects a finding by the Court that Defendants have, in fact, created or aided in the creation of a digital delivery system of products in Plaintiffs' subscription areas, they are incorrect. The Court made this statement as part of its recitation of facts *in a ruling on Defendants' summary judgment motion*. As the Court noted in the Memorandum and Order, in ruling on a summary judgment motion, the Court is obligated to "view the facts in the light most favorable to the non-moving party." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018).

5

It does not "attempt to determine the truth of the matter." *Id.* In that Memorandum and Order, the Court was simply stating the facts in the light most favorable to Plaintiffs, as it was required to do for purposes of ruling on that summary judgment motion only. The Court has not been asked to decide, and has not had any occasion to decide, whether that version of the facts is true. The Court also notes that this statement was not material to the Court's summary judgment ruling.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Certify Interlocutory Appeal of this Court's Order Excluding Melissa Gragg's Testimony (Doc. 93) is **DENIED.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of January, 2024.